# Kinney *v.* Steiner Bros.

## *Bill to Quiet Title.*

(Decided Feb. 5th, 1907.   43 So. Rep. 25.)

1. *Quieting Title; Pleas.*—Where the bill is filed under Section 809, Code 1896, the answer should state the requirements provided by Section 811, and pleas are not permissible.
2. *Same.*—Where the bill alleges the specific facts required by Section 809, it is unnecessary to traverse such facts, even if permissible, a point not decided.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Steiner Bros. filed their bill against appellant, seeking to quiet title to certain lands described therein. After answer, defendant filed certain pleas, as follows: "(1) At the time of the institution of this suit the complainants were not in peaceable possession of the property described in the complaint. (2) At the time this suit was instituted complainant was not in the open, notorious and peaceable possession of the lots described in the bill. (3) At the time of the institution of this suit this respondent was in the actual possession of lots 1 to 10, both inclusive, and 13 to 24, both inclusive, in block 20, according to the map and plat of the property of the Birmingham Ensley Land & Improvement Company, in Jefferson county, Ala., and claimed to own the same. (4) The lots described in the first paragraph of the bill were sold under and by virtue of valid tax sales had on the 3d day of June, 1891, under and by virtue of which tax deeds were executed on the 12th day of January, 1894, and were recorded in the office of the probate judge of Jefferson county, Ala., in the month of March, 1894, and respondent now owns and holds all the rights and title and interest and claim in and to the property conveyed by said tax deed, and he and those through whom he claims have paid the taxes on said property since the purchase at said tax sale, and claim

[Kinney v. Steiner Bros.]

to own the same since the date of said sale, and this respondent has erected around a part of said lot a part of a fence, before the institution of this suit"—and other pleas of similar import to seventh. The chancellor held the pleas insufficient, and from his decree this appeal is taken.

STALLINGS, NESMITH & DRENNEN, for appellant.—The court erred in decreeing the defendant's pleas insufficient.—*Foy, et al. v. Barr*, 39 South. 578. The court erred in overruling plea 1.—Section 809, Code 1896; *Foyct v. Barr, supra; Ladd v. Powell*, 39 South. 46; 128 Ala. 579; 115 Ala. 582. On the same authorities the court erred in overruling pleas 2, 4 and 7.

A. LATADY, for appellee. No brief came to the Reporter.

McCLELLAN, J.—Appeal from decree overruling pleas. The bill is filed under Code 1896, § 809 et seq., to quiet title. In all cases, it is indispensable to the maintenance of such a bill that it be averred, and sustained in the proof, that the complainant is in peaceable possession of the subject of the complaint. The title of the complainant is not the prime consideration, but his peaceable possession at the time his bill is filed makes such a prima facie case as will bring into exercise the jurisdiction of the court to the end that the defendant's claim or right may be determined and declared.—Code 1896, § § 809-812; *Kendrick v. Colyar*, 143 Ala. 597, 42 South. 110. Section 811 of the Code prescribes what shall appear by the answer, if defendant claim the estate, or any interest in it, and requires specific avowal of the extent, character, and source of his claim. There is no room, under the statute, for a plea. The statute must be pursued. Dan Ch. Pr. pp. 702, 703. Besides, it would be manifestly unnecessary, if permissible, to permit, as some of the pleas do, a mere traverse of facts

upon which the survival of the bill depends.   The decree
is affirmed.
    Affirmed.

    Tyson, C. J., and Dowdell and Anderson, JJ., con-
cur.


