(119 So. 20)

BEHAN et al. v. FRIEDMAN et al.
(6 Div. 111.)

Supreme Court of Alabama.   Nov. 8, 1928.

Rehearing Denied Dec. 20, 1928.

Arthur Fite, of Jasper, for appellees.

Garber & Garber, W. H. Smith, and R. D. Gilliam, Jr., all of Birmingham, for appellants.

BOULDIN, J. This is a statutory bill to quiet title to the mineral interest in real estate.

Complainants and respondents claim through Charlotte Price, as a common source of title. Prior to 1883 she owned the absolute title. On November 20, 1883, she conveyed the mineral interest to Musgrove Brothers by warranty deed. This deed was never recorded, however, until March 1st, 1887.

Meantime, on January 17, 1887, Mrs. Price conveyed to Friedman & Loveman by warranty deed, an absolute title in fee simple, not excepting the mineral interest. Complainants claim through Friedman & Loveman and respondents through Musgrove Brothers. The deed to Friedman & Loveman recited a cash

consideration of $1,200, and complainants' adduced evidence of payment thereof.

This cast upon the respondents the burden of proof as to notice of the dormant conveyance to Musgrove Brothers at the time of the conveyance to and payment of the purchase money by Friedman & Loveman. No such proof was adduced.

Under well-known rules, the unrecorded deed to Musgrove Brothers was void as against Friedman & Loveman. Their deed passed the absolute title including the mineral interest.

The mineral right was no longer severed from the fee. Constructive possession which follows title, in the absence of actual possession, was in Friedman & Loveman and has passed with the title to their successors down to these complainants. This constructive possession applies to all the estate which passed to them, including the mineral interest. No actual possession of the mineral interest, apart from possession of the fee, is shown in any one at any time. Possession of the surface, so far as shown, has been in Friedman & Loveman and their successors. There is no need to inquire whether such actual possession obtained when the suit was commenced. Constructive possession is sufficient.

The general rule that a defense of bona fide purchaser must be specially pleaded does not apply here. The statutes prescribe the form and contents of a bill to quiet title. Code, §§ 9905, 9906.

Among the required averments is peaceable possession, actual or constructive, in complainant. The burden is on complainant to prove such allegation.

Evidence of title is admissible as evidence of constructive possession. When the defendant sets forth his claim of title, evidence of the superiority of complainants' title as going to the question of constructive possession, and in contravention of the title claimed by respondent, becomes admissible.

The doctrine of laches has no application to suits of this character. So long as peaceable possession continues, the owner need take no action. Laches, if any, applies to him who is out of possession, has the opportunity to assert his claim, and does not. The owner, in the case provided by statute, may resort to the remedy to remove clouds from title, but no delay will disturb the status of title.

No issue appears in pleading or proof touching any possible mistake of description in the inclusion of the mineral rights in the deed to Friedman & Loveman. No reformation for such mistake was sought. Mere evidence, if such there be, that from 1898, when the conflict between the deeds was discovered, to 1905, Friedman & Loveman failed to assess the mineral interest for

taxes, but resumed in 1905 and continued to do so to the present, would by no means warrant a reformation. To reform a conveyance, it must fail to express the intention of both parties at the time.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.