186 So. 153

## HINDS et al. v. FEDERAL LAND BANK OF NEW ORLEANS.

### 6 Div. 426.

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

Theodore J. Lamar, of Birmingham, for appellants.

St. John & St. John, of Cullman, for appellee.

THOMAS, Justice.

The former appeal in this case was from a ruling on demurrers challenging the necessity for a cross bill. On that appeal it was observed:

"The original bill, filed by the Federal Land Bank of New Orleans, is a statutory bill to quiet title to a tract of 87 acres of land, specifically described in the bill, located in the northeast ¼ of section 6, township 10, range 2 east, Blount county, Ala., near the town of Summit. * * *

"The only land within the lis pendens is the tract of 87 acres described in the bill, and the answer does not set up an independent equity, but asserts a legal title to a one-half interest therein."

Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194, 195.

We find no amendment that changes this result; that is, the quantum and identity of the lands made the subject of the original bill and decision thereunder.

It is established that under a bill to quiet title, as provided by the statutes [§§ 9905, 9906, Code], the burden of duly pleading and proving a peaceable possession, actual or constructive, rests upon the complainant (Behan v. Friedman, 218 Ala. 513, 119 So. 20; Id., 216 Ala. 478, 113 So. 538); that a scrambling, disputed, or contested possession will not support such action (Rice v. Park, 223 Ala. 317, 135 So. 472; Buchmann Abstract & Invest. Co. v. Roberts, 213 Ala. 520, 105 So. 675; McCaleb v. Worcester, 224 Ala. 360, 140 So. 595); that when complainant has taken possession of the land by force, such an act, without the law, will defeat his suit

to quiet title under the statute (Tomlinson v. Watkins, 77 Ala. 399; 13 Cyc. 578).

The lands described in the bill and of which appellee contends that it was in the peaceable possession are as follows: "A part of the NE-¼ of Section 6, Township 10, Range 2 East, more particularly described as follows: Beginning at the northeast corner of the NE-¼ of the NE-¼ of said Section, Township and Range; thence running South along the East line of said Quarter Section a distance of 1760 feet; thence West to the West line of the SE-¼ of the NE-¼ of said Section, Township and Range; thence North 40 rods; thence West parallel with the North line of said Section 6 to the West line of the NW-¼ of the NE-¼ of said Section, Township and Range; thence North along the West line of said NW-¼ of NE-¼ to the North line of said Section 6; thence East along the North line of said Section 6 to the point of beginning, containing 87 acres, more or less, situated in Blount County, Alabama."

The "Amended Application" was made a part of, and included as an exhibit to the answer. The exhibit defines the issue as to the eighty-seven acres in question as follows: "Part of NE ¼ of Section 6, Township 10, Range 2 East, as follows: Beginning at the NE corner thence south to a point two thirds across said quarter Section; thence West parallel with the north section line about 82 rods to the creek; thence across the creek to a gulley; thence with the meanderings of said gulley in a north-west direction to the north line of said quarter section; thence East to point of beginning containing 87 acres more or less."

The foreclosure deed is in the terms of the "amended application" and the mortgage which is as described in the answer.

Among other things, the decree states as follows:

"It is therefore, Ordered, Adjudged and Decreed by the Court that the complainant has a full and complete indefeasible title in fee simple in and to the lands described in the bill of complaint, to-wit:

"'A part of the NE ¼ of Section 6, Township 10, Range 2 East, more particularly described as follows: Beginning at the northeast corner of the NE ¼ of the NE ¼ of said Section, Township and Range; thence running South along the East line of said Quarter Section a distance of 1760 feet; thence West to the West line of the SE ¼ of the NE ¼ of said Section; Township and Range; thence North 40 rods; thence West parallel with the North line of said Section 6 to the West line of the NW ¼ of the NE ¼ of said Section, Township and Range; thence North along the West line of said NW ¼ of NE ¼ to the North line of said Section 6 to the point of beginning, containing 87 acres, more or less, situated in Blount County, Alabama."

This description omits the call as to its north line to the point of beginning. This Court takes judicial knowledge of the fact that from the northwest corner of the quarter section along its north line, from the northwest quarter of the northeast quarter to the point of beginning at the northeast quarter of northeast quarter of Section 6, Township 10, Range 2 East, is a distance, east and west, of 2705 feet, as shown by the evidence, that intervened between the last call of the description employed in the decree. That is to say, this last call is supplied by the judicial knowledge of the court as to government surveys.

This record convinces us that in May, 1932, on default by Hinds, the mortgage in question was foreclosed, and at its sale the mortgagee became the purchaser. Thereafter, the mortgagor rented the whole tract of 1603 acres from the purchaser. This act of the mortgagor was in response to a demand for possession or surrender of possession to secure rights to the crops growing thereupon, and to preserve his right of redemption. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463. In the fall of 1932, the mortgagor tried to effectuate a rental of the land for a second term and for the year 1933, but the record discloses that this application was denied; and mortgagee-purchaser rented the lands to a third person for successive years.

The lease embraces the large tract of 1603 acres, and the evidence convinces us that it embraced the 87 acres of land in question, which was a part of the Brown's Valley Farm.

The evidence shows that the respective tenants for the years 1932 to 1935 (Morris and Kennedy) successively took possession of the lands and that in question; that the tenant Kennedy went into the possession of the land in question and cultivated it during 1935, and that he paid the rent to

the Federal Land Bank. That is to say, looking to the whole evidence, we are convinced that after May, 1932, to the filing of the bill, the lands were in possession of the appellee Bank and its tenants for such bank.

The testimony of respondent is that in 1935 the sons of mortgagor cut hay off of a portion of the land. This evidence is indefinite as to time and place of cutting of the hay, and at whose instance or in what respect the lands were rented and the hay cut. To like unsatisfactory effect is the evidence of Hinds that he warned W. H. Hicks and other tenants to stay off the land. The time and the place of cutting of the hay, and the giving of the warnings to appellee's tenants, did not amount to the possession thereof by mortgagor in such manner as to defeat this action.

There is in evidence a letter of appellant's attorney, acting in the matter of his employment by and for appellant, demanding the possession that amounted to the recognition that Kennedy (the tenant of mortgagee-purchaser) was in possession of the land. It is as follows:

"April 15th, 1935.
"Registered
"Mr. C. A. Kennedy,
  "Brooksville, Ala.
  "Star Route.
"Dear Sir:
"I am writing on behalf of Mr. A. M. Hinds to request that you deliver possession of what is known as the Valley Farm, containing approximately two hundred seven and one-half acres, situated in Brown's Valley, in Blount County, Alabama.
"Mr. Hinds states that The Federal Land Bank of New Orleans claims to own said property and that you have taken possession through it. He states that The Federal Land Bank of New Orleans does not own said property and that he is entitled to the possession of same.
"You will please consider this as a demand for possession, as required by law."

The witness Humphreys, who took the application for the loan, testified that he was given by Hinds the description of the land from his (Hinds) deeds and tax certificates furnished by applicant, that he might prepare and make application for the loan by Hinds. These salient facts are denied by Hinds, the applicant-mortgagor, as affecting the 207 acre tract that embraced the 87 acres in question. There was evidence by Hinds that he executed the rent notes without a knowledge that the notes embraced the 87 acres, and he denied that he pointed out this land to appellee's agent Christian after the mortgage was foreclosed.

When the whole record is examined and mortgagor's denials and other evidence are duly considered, we are not convinced that the 87 acres in question were not intended and not, in fact, embraced in the mortgage, the foreclosure, the surrender of possession on written demand by mortgagee purchasers.

We are of the opinion and hold that the description employed, regardless of defects and discrepancy contained in the calls employed, taken with the other evidence, was embraced as a part of the 207 acres of land known and designated as the "Brown's Valley Farm." East et al. v. Karter, 215 Ala. 375, 110 So. 610.

That a description is such that it may be and was rendered certain on this trial, from the evidence, is the effect of our decisions. Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Little v. Thomas, 204 Ala. 66, 85 So. 490; Martin v. Baines, 217 Ala. 326, 116 So. 341; Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann.Cas.1917B, 792; Cheeseman Realty Co. v. Thompson, 216 Ala. 9, 112 So. 151.

Such was the instant description that was corrected in the decree.

We have indicated that the evidence tending to show that respondent warned or threatened tenants of The Federal Land Bank, who were in possession of the land, did not constitute a scrambling possession that would defeat this action. At most it only showed a disputed right of possession that has been declared and settled by the instant decree against respondent-appellant.

The doctrine of estoppel rests upon the particular fact and circumstances of each case. One may be estopped by conduct, words, or even by a guilty silence when honesty demands that he speak the truth of the matter for which the situation calls. Ivy v. Hood, 202 Ala. 121, 79 So. 587.

We agree with the trial court and its decree, concluding as follows:

"And that the respondents, nor either of them, have any right, title, claim, or encumbrance in, to, or upon said lands and that the title of the complainant thereto be and the same is hereby quieted against all claims, demands, and pretentions of the defendants, or either of them, and that the said defendants are hereby perpetually estopped from setting up any claim thereto, or any part thereof."

The decree of the trial court, as corrected, is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.