40 So.2d 705

**WALTHALL v. YOHN et al.**

1 Div. 321.

Supreme Court of Alabama.

May 19, 1949.

H. M. Hall, of Bay Minette, for appellees.

J. B. Blackburn, of Bay Minette, for appellant.

SIMPSON, Justice.

Statutory bill (by appellant) to quiet title to some twenty acres of wild, wooded, uncultivated land. The appellant is the owner of the legal title and the appellees (defendants below) rely on adverse possession under color of title to defeat recovery. This color of title of appellees consists of a deed from the State of Alabama to them under date of July 20, 1932, based on a purported tax sale had in 1929. There is no question but that this deed from the State was void, and it is not contended otherwise, since the tax sale through which it came was the result of a double assessment, the taxes having been paid on one assessment by the owner thereof through whom appellant claims title.

The real and only question in the case is that of possession and whether the ap-

264

pellees' evidence on trial was sufficient to establish their title by adverse possession, as against the legal title of the appellant.

As we interpret the testimony, the appellees did pay the taxes on the land each and every year from the time they received the deed from the State up to the time of the filing of the suit in 1946. The appellant, however, or his predecessors in title, paid the taxes continuously through 1929; in 1931 the land, with other land, was sold for the 1930 taxes and bought in by the State, but in 1937 appellant redeemed this particular land, paying all taxes due during this period (years 1930 to 1936, inclusive); he has paid taxes on the land continuously since that time. Thus is his legal title traced directly back to a common source and is unaffected by the tax sale under the double assessment unless appellees' title has been perfected by adverse possession. It is to be noticed here that appellees' reliance for title is rested on the prior sale in 1929, culminating in a deed from the State to them in 1932, and not the sale for 1930 taxes from which appellant later made a redemption.

Aside from the payment of taxes and an occasional visit by one of them to look at the land, appellees' actual possession consisted entirely of posting a couple of signs on the land at the time of the purchase from the State and granting some rights of way across it. As for appellant's acts of possession, in addition to payment of the taxes as before indicated, there was evidence that he at various times placed signs on the land, cut and sold timber therefrom, and repaired fences partially across the tract in an effort to stop the dumping of trash thereon. Just when all these various acts were performed is left to uncertainty, but some definite and open acts of ownership were shown to have been asserted by appellant just prior to the institution of the suit—repairing of fences, erection of signs, employment of a watchman. According to appellant's testimony, there were no indicia of an adverse claim at the time he filed the suit. Indeed, the testimony of one of the appellees is to the effect that the signs he testified he erected on the land soon disappeared.

■ Concededly, in order to maintain the bill under Code 1940, Tit. 7, § 1109, to quiet title to land the proof must show peaceable possession in complainant as contradistinguished from a contested, disputed, or scrambling possession. Price v. Robinson, 242 Ala. 626, 7 So.2d 568; Hinds v. Federal Land Bank, 237 Ala. 218, 186 So. 153, among many others.

■ However, it is an equally well recognized principle that constructive possession which exists in contemplation of law in the holder of the legal title is sufficient possession to maintain such a bill where there is no actual possession by another. Kyle v. Alabama State Land. Co., 147 Ala. 698, 41 So. 174; Brunson v. Bailey, 245 Ala. 102, 16 So.2d 9; Ex parte Proctor, 247 Ala. 138, 22 So.2d 896. In view of the character of land involved, we think that the appellant, by proof that at the time of the filing of the bill he had the land partially under fence, had signs thereon—all without opposition or objection on the part of the appellees or anyone else—is entitled to maintain the bill. George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202, and cases supra. In fact, we think this last-cited Williams case is so factually similar to the one at bar as to clearly demonstrate the right of the appellant to have succeeded in the suit. Appellant having proven ownership of the legal title and having made out a prima facie case of peaceable possession, it was then the burden of the appellees, claiming only by adverse possession under color of title, to show actual adverse possession. In the recent case of Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411, this court held in effect that rare and widely separated acts, no matter how clearly they have indicated a purpose to claim title, do not show a possession of wild land sufficient to establish title by adverse possession. Further, in said case it was held that mere casual acts of ownership do not constitute adverse possession.

■ As against the legal title, to work a divesture thereof, we pointed out in Turnipseed v. Moseley, 248 Ala. 340, 344, 27 So.2d 483, 485, 170 A.L.R. 882, that

"there must have been actual occupancy, clear, definite, positive, notorious, continuous, adverse and exclusive for the requisite period, under claim of right [by claimants], of a definite tract, and the burden was on them to establish this by clear and convincing evidence."

 As we view the appellees' evidence, it falls far short of meeting these requirements. As was observed in the Kyle case, supra, and appropriate for quotation here: "* * * The claim of the respondents was based entirely on adverse possession under color of title. Upon a careful examination of the evidence on the part of the respondents, it appears to be entirely too uncertain and fragmentary, either to establish title as against the complainant, or to disturb the possession which the law imputes to it, to such an extent as to render it obnoxious to the requirements of the statute as to 'peaceable possession.' * * *" 41 So. 175.

According due consideration to the finding of the learned trial court, and indulging the required presumption in such a case, we cannot escape the conclusion that the trial court fell into error in dismissing the bill. It is our considered opinion, and we so hold, that the appellant was entitled to the relief prayed, that is, the quieting of his title to the land involved. It results that the decree appealed from will be reversed and one here entered in his favor.

Reversed and rendered.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.