66 So.2d 899

**DUKE v. HARDEN et ux.**

5 Div. 541.

Supreme Court of Alabama.

Aug. 6, 1953.

Harry D. Raymon, Tuskegee, for appellant.

Cope & Cope, Union Springs, for appellees.

SIMPSON, Justice.

Statutory bill by appellees Harden against appellant Duke to quiet title to about seventy acres of land in the W ½ of the SW ¼ of Section 29, Township 16, Range 22, lying south and west of Cubahatchee Creek in Macon County.

The case was heard in open court before the trial judge and in the light of the favorable presumption attending his conclusion on the disputed evidence, it would be unwarranted for us to overturn it. Since the issue was one typically for decision by the trial court, we will refer to the facts only briefly.

Appellees acquired the land in 1949 and have a perfect paper title from the United States. At the time of the suit all except two acres of the land in the southern portion was wild land, overgrown with underbrush and trees. The two acres was meadow land and had been in recent cultivation. But throughout the recollection of the witnesses for appellees and until a few years before appellees acquired it, the land had been cultivated by appellees' predecessors in title and a part of it within 100 yards of the creek, which bounds the land on the north. Each year recently, however, the undergrowth had more or less crowded in on the cultivated land until finally only the two acres was left open. But this two acres has been utilized along with other adjoining land of the appellees immediately south of it by their tenant, Bruce, whose tenant house is located only about one-quarter of a mile south of the two-acre tract. The entire field, including the two acres, has been used by this tenant as one tract. He occupies the house and has so occupied it for a period of over fifty years and had cultivated the two acres along with the remaining portion of the field in recent years. The evidence for appellees established rather preponderantly that from the earliest recollection of the witnesses appellees' predecessors in title had always exercised such acts of possession over the property as that character of land was susceptible of, claimed it as their own and cultivated it at various times in connection with the rest of the larger tract.

The appellant's title seems to have originated in a decree in which the lands were sold in the city court of Montgomery in equity, as a part of the estate of one Tuttle and by various conveyances the lands were acquired by one Spratling, whose heirs conveyed the same to appellant along with another tract of 524 acres, but the deed showing that there was eliminated from the warranty of title the tract of land here in dispute.

The property has been doubly assessed for taxation since 1889.

■ We recently made reference to the burden of proof in this type of case. In Spradling v. May, ante, p. ——, 65 So.2d 494, 498, we said:

"Where one claims title to land through an unbroken chain of record title against another who relies upon adverse possession under color of title, the rule is well established. A very strict burden to establish his title rests upon the one claiming by adverse possession.

"The law places such a high dignity upon a regular documentary title and requires such strict formalities to evidence it that a necessary concomitant is that in order to work a divesture of that title by adverse possession, all the essential elements must be proven by the stated measure of proof, and that proof must show that there has been an actual occupancy, clear, definite, positive, notorious, continuous, adverse and exclusive for the requisite period under claim of right of the definite tract involved."

■ The evidence for the appellant did tend to show some possessory acts extending over a period of time, such as cutting timber and posts on the disputed lands. But this evidence is insufficient to overweigh the positive testimony of the witnesses for appellees and we find no justification in differing with the trial court on his conclusion on the facts. Rare and widely separated acts, regardless of how clearly they might have indicated a purpose to claim title, do not show a possession of land sufficient for the purpose of acquiring title by adverse possession. The possession must be continuous. Occasional acts of entry upon land and cutting timber or other desultory entries and acts over the land are not sufficient to show possession against the true owner so as to ripen into title by adverse possession. Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411; Green v. Marlin, 219 Ala. 27, 121 So. 19.

■ Another governing principle is that the appellees and their predecessors in title were the holders of the legal title and their possessory acts over a part of the land described in their respective deeds is deemed in law as constructive possession of all of the land therein described not actually in the adverse possession of another, and hence their possessory acts over any of the property described in the chain of title was extended to all of it, including the disputed area. Spradling v. May, supra; Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882.

■ It is argued for appellant that his evidence of adverse possession of the disputed area precluded a decree for appellees to quiet the title because at most the evidence only showed a scrambling, disputed or contested possession in appellees. We do not so construe the facts proven on behalf of appellees. While the appellant's evidence on this issue did show the cutting of timber and some other possessory acts on the part of his predecessors in title, that for the appellees tended to show that when appellant's predecessor claimants in title would attempt to cut timber on the land, they were either required to retire from cutting or to pay for the timber cut. This showed more of an adverse claim than an adverse possession by appellant's predecessors in title. This status of the evidence in no way tended to show any scrambling possession, but rather preponderantly established the claim of title and possession on the part of the predecessors in title of appellees. It could not be reasoned that as a matter of law the evidence did not warrant a finding that appellees were in the peaceable possession, actual or constructive, of the disputed tract when the suit was filed, Pierce v. Lee Bros. Foundry Co., 255 Ala. 410, 51 So.2d 677, so as to authorize the filing of the bill and a favorable decree thereon.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.