SELLERS, Justice.
*692 G.R.L.C. Trust ("the Trust"), a trust formed under the laws of Texas, appeals from a summary judgment in favor of Garrison Decatur Crossings, LLC ("Garrison Decatur"), in Garrison Decatur's action for a judgment declaring the need for reformation of a recorded memorandum of lease on the ground of a mutual mistake. We affirm.
On May 31, 2006, the Trust executed a ground lease, leasing to Franklin Land Associates, LLC ("Franklin Land"), real property on which a portion of a shopping center known as "The Crossings of Decatur Shopping Center" is located (hereinafter referred to as "the subject property"). The subject property is the only property the Trust owns in Morgan County. The ground lease was for a term of 50 years and included the option for Franklin Land or its successors to purchase the subject property after 25 years. The ground lease did not initially include a legal description of the subject property. Rather, the parties agreed that, after Franklin Land obtained a survey of the subject property, they would execute an amended ground lease incorporating an "Exhibit A," which would contain the legal description of the subject property as surveyed.
As agreed, Franklin Land and the Trust executed an amended ground lease on August 31, 2006 ("the ground lease"), which now included an Exhibit A with the legal description of the subject property. On that same day, the parties executed a "Memorandum of Ground Lease" ("the lease memorandum"), which states, in pertinent part, that Franklin Land has leased from the Trust certain property "particularly described on Exhibit A attached hereto and incorporated herein."
On September 21, 2006, Franklin Land, as part of its assignment of its leasehold interest in the ground lease to Decatur Investment Partners, GP, a Georgia partnership, recorded the lease memorandum in the Morgan County Probate Office pursuant to § 35-4-6, Ala. Code 1975, providing that leases for more than 20 years are void for the excess over said period unless they are recorded within one year after execution. Although the lease memorandum references Exhibit A as being attached and incorporated into the memorandum, the exhibit was not included with the memorandum when it was recorded.
In 2011, Garrison Decatur began negotiations to acquire the ground lease from Decatur Investments and to become a tenant of the Trust in accordance with the terms of the ground lease and the lease memorandum. In conjunction with the negotiations, Garrison Decatur requested that the Trust warrant that the ground lease was valid and in force. Accordingly, on February 25, 2012, the Trust executed a landlord-estoppel agreement with Garrison Decatur and Wells Fargo Bank, N.A., reciting, in part, that the Trust owned the premises described in Exhibit A, that Garrison Decatur contemplated becoming the lessee under the ground lease, and that Garrison Decatur would borrow a specific amount of money from Wells Fargo Bank, N.A., to acquire its leasehold interest in the subject property and the ground lease from Decatur Investments. The Trust specifically warranted in the landlord-estoppel agreement that the ground lease, having a term of 50 years, was in full force and effect.
In 2015, Garrison Decatur discovered that "Exhibit A," containing the legal description *693 of the subject property, had not been included with the lease memorandum that was on file in the Morgan County Probate Office. Accordingly, Garrison Decatur sued the Trust, seeking (1) the reformation of the lease memorandum to include Exhibit A containing the legal description of the subject property and (2) a judgment declaring that the lease memorandum, as reformed, related back to the date of its original execution. The Trust filed an answer and a counterclaim, seeking a judgment declaring that the ground lease was void for any term beyond 20 years under §§ 35-4-6 and 35-4-51.1, Ala. Code 1975. After engaging in discovery, both Garrison Decatur and the Trust moved for a summary judgment pursuant to Rule 56(c), Ala. R. Civ. P., arguing their respective positions concerning reformation of the lease memorandum to include Exhibit A. The trial court entered a summary judgment in favor of Garrison Decatur, concluding that the evidence was undisputed that Franklin Land and the Trust had intended for the legal description of the subject property to be included with the lease memorandum when the lease memorandum was recorded and that the omission of the legal description from the lease memorandum was the result of an inadvertent mutual mistake on the part of Franklin Land and the Trust. Accordingly, the trial court (1) ordered that the lease memorandum executed on August 31, 2006, be reformed to include Exhibit A; (2) declared that the lease memorandum, as so reformed, related back to the date of its original execution; (3) declared that the lease memorandum, as so reformed, complied with § 35-4-6, Ala. Code 1975, because it had been filed in the probate office within one year of its execution; (4) declared that the amended ground lease was valid and enforceable for its full term of 50 years; and (5) declared that the Trust was estopped from denying that the ground lease was valid and enforceable for its full term of 50 years. The Trust appealed.
Standard of Review and Applicable Law
" 'The standard of review applicable to a summary judgment is the same as the standard for granting the motion....' McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992).
" 'A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present "substantial evidence" creating a genuine issue of material fact-"evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Ala. Code 1975, § 12-21-12 ; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).'
" Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala. 1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004)."
Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala. 2006).
*694 Analysis
On appeal, the Trust argues that the trial court erred in reforming the lease memorandum to include Exhibit A, which was omitted when the document was recorded and which contains a legal description of the subject property because, it says, (1) allowing reformation of the lease memorandum thwarts the purpose of the statutory recording requirements; (2) Garrison Decatur failed to show by clear and convincing evidence that omitting the legal description of the property from the lease memorandum when it was recorded was a mutual mistake; (3) the Trust should not be estopped from asserting the invalidity of the lease memorandum or from opposing its reformation; and (4) the trial court exceeded its discretion in striking portions of an affidavit submitted by Kenneth Lee, the trustee of the Trust.
In Alabama, any lease with a term exceeding 20 years must be recorded with the probate court within one year of its execution. Section 35-4-6, Ala. Code 1975, provides:
"No leasehold estate can be created for a longer term than 99 years. Leases for more than 20 years shall be void for the excess over said period unless the lease or a memorandum thereof is acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property leased is situated."
Section 35-4-51.1 provides, in pertinent part, that a "memorandum of a lease may be recorded in lieu of the lease itself if the memorandum is executed and acknowledged by the lessor and the lessee" and contains, among other things, "[t]he specific legal description of the leased premises." In this case, Franklin Land recorded the lease memorandum within one year of its execution in compliance with § 35-4-6. However, the lease memorandum did not include a legal description of the subject property as required by § 35-4-51.1. As indicated, the trial court reformed the lease memorandum to include Exhibit A, containing the legal description of the subject property, on the basis that the omission of the exhibit was the result of an inadvertent mutual mistake on the part of Franklin Land and the Trust.
It is well settled in property law that a trial court may exercise its equitable powers to reform a written instrument that, through a mutual mistake, does not truly express the intention of the parties. See § 35-4-153, Ala. Code 1975. In Fadalla v. Fadalla, 929 So.2d 429 (Ala. 2005), this Court explained:
" 'The general rule in Alabama is that a court may exercise its equitable powers to reform [an instrument] to make it conform to the intention of the parties.' Powell v. Evans, 496 So.2d 723, 725 (Ala. 1986) ; Clemons v. Mallett, 445 So.2d 276, 278 (Ala. 1984). One of the grounds for reformation of a [recorded instrument] is mutual mistake of the parties. Long v. Vielle, 549 So.2d 968, 970-71 (Ala. 1989). A mutual mistake exists when the parties have entered into an agreement, but the [instrument] does not express what the parties intended under the agreement. Daniels v. Johnson, 539 So.2d 259, 260 (Ala. 1989). In determining whether a mutual mistake exists, '[t]he initial factual question is, of course, what the parties intended the instruments to express at the time they were executed.' Jim Walter Homes, Inc. v. Phifer, 432 So.2d 1241, 1242 (Ala. 1983) (citing Behan v. Friedman, 218 Ala. 513, 119 So. 20 (1928) ). However, the trial court ' "cannot make a new [instrument] for the parties, nor establish that as a[n] [instrument] between them, which it is supposed *695 they would have made, if they had understood the facts." ' 432 So.2d at 1242 (quoting Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 206, 69 So. 118, 120 (1915) )...."
929 So.2d at 434. The party seeking to reform an instrument on the basis of a mutual mistake bears the burden of proving by "clear, exact, convincing, and satisfactory evidence that the intention he seeks to substitute was that of both parties." Beasley v. Mellon Fin. Servs. Corp., 569 So.2d 389, 394 (Ala. 1990).
In support of its summary-judgment motion, Garrison Decatur submitted as an exhibit the landlord-estoppel agreement, in which the Trust represented to Garrison Decatur and Wells Fargo that it owned the subject property described in "Exhibit A" and that the ground lease, previously recited as having a term of 50 years, was in full force and effect. According to Garrison Decatur, the Trust was estopped from opposing reformation of the lease memorandum based on those representations in the landlord-estoppel agreement. Garrison Decatur also submitted as an exhibit to its summary-judgment motion the lease memorandum executed by Franklin Land and the Trust, which expressly states that Franklin Land has leased from the Trust certain property "particularly described on Exhibit A attached hereto and incorporated herein." In order to demonstrate that the omission of Exhibit A from the lease memorandum was a mutual mistake, Garrison Decatur submitted with its motion the depositions of Tom Caddell, the attorney who prepared the lease memorandum, and Kenneth Lee, the trustee of the Trust who executed the lease memorandum on behalf of the Trust. Caddell stated in his deposition that the lease memorandum was intended to incorporate Exhibit A; that Exhibit A was intended to provide a legal description of the subject property the Trust had leased to Franklin Land; and that, although Exhibit A was intended by the parties to be attached and incorporated into the lease memorandum, the exhibit was omitted by mistake. Likewise, Lee stated in his deposition that the terms of the ground lease provided that the lease memorandum should contain a legal description of the subject property; that the description of the subject property was supposed to be attached to the lease memorandum; and that, when he signed the lease memorandum, he did not realize that Exhibit A containing the legal description of the subject property was missing. Lee finally confirmed in his deposition that there was no evidence to dispute the argument that the omission of Exhibit A from the lease memorandum was anything other than a mistake. Accordingly, the burden then shifted to the Trust to present substantial evidence demonstrating that the omission of Exhibit A from the lease memorandum was not the result of a mutual mistake.
In support of its argument that the omission of Exhibit A from the lease memorandum was not the result of a mutual mistake, the Trust offered Lee's affidavit, which undisputedly contradicted his deposition testimony. Lee stated in the affidavit, among other things, that the Trust did not draft or otherwise have any input into the lease memorandum presented by Franklin Land; that the Trust did not intend for the lease memorandum to contain or to be anything different than the document Franklin Land had presented to it; and that it was the Trust's position that it did not make any mistake with regard to the lease memorandum. Contrary to the Trust's argument on appeal, the trial court properly struck those portions of Lee's affidavit that were not based on personal knowledge, that purported to express opinions about the parties' intentions that he was not qualified to express, and that attempted *696 to color or qualify his earlier deposition testimony. See McGough v. G & A, Inc., 999 So.2d 898, 904 (Ala. Civ. App. 2007) (noting that "[t]he court may not consider deposition or affidavit testimony that directly contradicts earlier deposition or affidavit testimony without adequate explanation"). Accordingly, the trial court correctly determined that Lee's affidavit testimony did not constitute substantial evidence disputing Garrison Decatur's evidence indicating that Franklin Land and the Trust had a clear meeting of the minds about the description of the subject property as set forth in Exhibit A and that the parties intended for Exhibit A to be attached to and included in the lease memorandum.
The Trust seemingly ignores the undisputed evidence presented by Garrison Decatur in favor of reformation by arguing that a person who seeks to record a memorandum must strictly comply with both § 35-4-6 and § 35-4-51.1. The Trust argues that because the lease memorandum failed to comply with § 35-4-51.1 by including a legal description of the subject property, the lease memorandum was not a "memorandum" within the meaning of § 35-4-6 and, therefore, could not be recorded at all under § 35-4-6. For this reason, the Trust argues that that portion of the ground lease exceeding 20 years is void. The Trust relies heavily on Ex parte Achenbach, 783 So.2d 4, 7 (Ala. 2000) (holding that, because "a lease that [was] made for more than 20 years and that [was] not properly recorded, [was] void for any portion of that lease period that exceed[ed] 20 years," the co-owner of the lease could not be estopped from asserting that the lease was void). The Trust's reliance on Ex parte Achenbach is clearly misplaced because that case did not involve the issue of reformation, and, more specifically, the lease in that case was not recorded within one year of its execution; thus, under § 35-4-6, that portion of the lease exceeding 20 years was void. Here, the lease memorandum was timely recorded, albeit missing Exhibit A. As indicated, § 35-4-51.1 provides that a "memorandum of a lease may be recorded in lieu of the lease itself if the memorandum is executed and acknowledged by the lessor and the lessee" and contains, among other things, "[t]he specific legal description of the leased premises." As the trial court noted, the statute states nothing about the legal significance of a lease memorandum that is timely recorded in the probate office but is missing one of the items specifically referenced in the memorandum as being "attached hereto and incorporated herein." In other words, the statute does not contemplate that a timely recorded lease memorandum, omitting the legal description of the property, is to be treated as nullity as if it had never been recorded, especially where, as here, clear and convincing evidence exists that Franklin Land and the Trust knew Exhibit A existed, agreed with the legal description contained on the exhibit, and intended for the exhibit to be attached to and incorporated into the lease memorandum. This is simply not a case where the trial court was rewriting the lease memorandum to say something other than what was intended by Franklin Land and the Trust. Nor could the lease memorandum cause any confusion. From all the evidence before the trial court, it is clear that the failure to attach Exhibit A was merely a ministerial or administrative error. The other formalities of the lease memorandum were satisfied such that any party desiring to establish title to the subject property would know with certainty that the only property owned by the Trust in Morgan County was subject to a long-term lease. Accordingly, the trial court did not err in reforming the lease memorandum *697 to include Exhibit A containing the legal description of the subject property.
Conclusion
The finding of the trial court that there had been a mutual mistake in omitting Exhibit A from the lease memorandum is supported by the evidence; therefore, the summary judgment in favor of Garrison Decatur reforming the lease memorandum is affirmed.
AFFIRMED.
Stuart, C.J., and Bolin, Shaw, and Wise, JJ., concur.
Sellers, J., concurs specially.
SELLERS, Justice (concurring specially).
I concur in the main opinion, which I authored. I write specially to express my opinion that this lawsuit should never have been filed. The real issue presented in this appeal is whether the failure to attach an exhibit to a memorandum of a lease was so material, confusing, or misleading as to limit the term of the 50-year ground lease to 20 years. Factually, in addition to executing the ground lease, the parties also executed a memorandum of lease summarizing the significant terms and conditions of the ground lease. In lieu of recording the ground lease, Franklin Land Associates, LLC, pursuant to § 35-4-51.1, Ala. Code 1975, opted to record the memorandum of lease. The parties agree that the memorandum of lease complies with § 35-4-51.1, except that the legal description of the property, which was to be attached to the memorandum as "Exhibit A," was inadvertently omitted when the memorandum of lease was filed of record. Exhibit A contained the same surveyed legal description of the subject property that was attached to the ground lease executed by the parties. Further, because the property described on "Exhibit A" was the only property G.R.L.C. Trust ("the Trust") owned in Morgan County, the legislative intent of providing notice of the lengthy leasing of real property was effectively accomplished.
For reasons that can be attributed only to greed, the Trust argues that the memorandum of lease failed because of the omission of Exhibit A and was void-thus limiting the term of the ground lease to 20 years rather than the agreed-upon 50 years. In other words, the Trust argues that the failure to attach Exhibit A, the content of which was not in dispute, to the memorandum of lease was so egregious that a multimillion-dollar transaction was called into question by a ministerial act or curable error.
Rather than fix this minor defect, the parties opted to use the court system to declare the obvious outcome. In other words, this matter could have been handled expeditiously had Garrison Decatur Crossings, LLC, simply attached Exhibit A to the memorandum of lease, paid the minimum filing fee (probably less than $25), and re-recorded the memorandum of lease (probably less than an hour of time). There is no disagreement here about the terms of the ground lease or any concerns about the elements of formation giving rise to the lease. The description of the subject property contained in the missing Exhibit A is not in dispute. The only concern in our over-litigious society is the validity of the memorandum of lease when there is a clerical mistake. Although the trial court's decision was absolutely correct, it is a shame that rational actors, including lawyers, did not resolve this minor problem by showing leadership, if not legal prowess, and simply re-recording the memorandum of lease with Exhibit A attached.