298 So.2d 17

**ENTERPRISE LODGE NO. 352 OF the KNIGHTS OF PYTHIAS, INC., an association**

v.

**FIRST BAPTIST CHURCH (COLORED) OF EVERGREEN, Alabama, suing By and Through its trustees, O. F. Frazier, et al.**

**SC 721.**

Supreme Court of Alabama.

June 20, 1974.

Rehearing Denied Aug. 8, 1974.

Arthur D. Shores, Birmingham, Edwin C. Page, Jr., Evergreen, for appellant.

William D. Melton, Evergreen, for appellees.

MADDOX, Justice.

A Masonic Lodge and a Baptist Church both claim ownership of a two-story building located in Evergreen. The matter has been here before. Enterprise Lodge No. 352, etc. v. First Baptist Church (Colored) of Evergreen, 288 Ala. 592, 264 So.2d 153 (1972). The church won in the lower court before, but this Court reversed and remanded, holding that the church, an unincorporated association, could not hold title to real property and consequently could not maintain an action in the nature of ejectment. After remand, the church amended its original complaint to show it was suing by and through its trustees. The lodge plead "not guilty." After a trial, another jury returned a verdict for the church but without any assessment of damages.

The lodge argues that (1) the evidence was insufficient to make out a prima facie case, (2) that the court should have given the general affirmative charge in its favor, and most of all, (3) that the court erred in refusing to admit into evidence a deed dated 25 June 1956 from the trustees of the lodge to the church.

We find no merit in these arguments.

The lodge has a procedural problem here on appeal because it argues jointly the trial court's refusal to grant its request for the affirmative charge with the refusal of the trial court to exclude the evidence. These assignments relate to two separate and specific rulings. The lodge is faced, therefore, with the proposition that when two such unrelated assignments are argued together, if either one of the trial court's rulings is correct, each assignment must fail. Payne v. Jones, 284 Ala. 196, 224 So.2d 230 (1969). The refusal of the court to grant the lodge's motion to exclude plaintiff's evidence was without error. Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530 (1952).

Both assignments were argued jointly. One is bad. Under the rule stated, both fail. The lodge's argument would still fail, however, even if this procedural hurdle was not present. At least a scintilla of evidence was submitted that the church's predecessor in title owned the building and at one time operated a school for blacks there. There was some evidence that the lodge knew that it did not own the building. The lodge claims it acquired the land and building by adverse possession. However, the jury could have found from the testimony that the possession by the lodge was permissive only. It is well settled that an entry and possession of land under permission of the owner will not ripen into title by adverse possession. Kidd v. Browne, 200 Ala. 299, 76 So. 65 (1917).

The lodge's principal argument is directed to the ruling that the court excluded a deed given by it to the church which deed conveyed to the church a portion of land on which a new church building had been erected. The deed recites that it was given by the lodge to the church "to clear the title of the First Baptist Church (Colored) of Evergreen, Alabama to the lot upon which its new church building is now located and to vest in said church a clear title to any portion of the lot or parcel of land on which said new

**582**

church building is now located." While the lodge's assignment regarding the refusal of the court to admit the deed into evidence is procedurally insufficient,[1] we find no error. (Initially, the trial judge had ruled the exhibit admissible but later changed his ruling.)

 Recitals in a deed are normally inadmissible as proof of the facts stated in the deed. Reynolds v. Henson, 268 Ala. 239, 105 So.2d 679 (1958). An exception sometimes exists with regard to recitals of deeds made between parties and their privies on the theory that such recitals constitute admissions. Even assuming, however, that the recitals of the deed here were admissible as an admission by the church, the actual recital of the deed is only to the effect that the lodge *occupied* a lodge hall located on the land. The recitation is not that the lodge "owned" the building, as argued in the lodge's brief. *Occupying* a building would be evidence of possession but not necessarily of ownership.

 Even assuming, without deciding, that the deed would have been admissible as a declaration against interest by the church on the question of its ownership of the building,[2] we find no error. The deed would have been cumulative evidence at best. Upon a review of the other evidence, we find that the error, if any, resulting in the trial court's refusing to admit the deed was harmless. Supreme Court Rule 45. The judgment of the trial court is due to be affirmed.

Affirmed.

MERRILL, HARWOOD and FAULKNER, JJ., concur.

HEFLIN, C. J., concurs in the result.

1. The references to the pages of the transcript are insufficiently set forth. Even though the appellee, in its brief, called appellant's attention to these deficiencies, no request was made by appellant to correct the assignment.
2. If the church owned the lot on which the building was located, it was unnecesary for it

to get a deed from the lodge to that portion of the land on which the new church building was located, and the deed would be evidence that at the time it was given the church considered the lodge to be the owner of the building.