This case involves a petition by W.C. Pendley for sale of land and a cross claim by C.B. Pendley against the petitioner and the remaining respondents claiming that he is the sole owner of the land. All of the parties involved are brothers and sisters, except for Janie Pendley who is their mother and the widow of J.A. Pendley. J.A. Pendley died intestate on March 3, 1953; there was no administration of his estate. All of the parties except W.C. Pendley, the petitioner, filed answers admitting the allegations of C.B. Pendley's cross claim, leaving W.C. Pendley and C.B. Pendley as the only real parties in interest.
The property in question consists of 80 acres located in Walker County. Initially, C.B.'s claim to the land was based on three theories: 1) His father, J.A. Pendley, and his mother, Janie Pendley, conveyed to him this land and by mistake the deed described only 10 acres of land instead of 90; 2) by virtue of adverse possession for 10 years under color of title; and, 3) by virtue of his *Page 406 
being in actual, open, hostile, notorious, exclusive, and continuous possession of this land for 20 years prior to the filing of this petition. For purposes of this appeal, counsel for C.B. (appellee) acknowledges that, because the trial Court found adversely to his first two contentions, he is left with his 20-year prescription ground in support of the trial Court's decree.
Petitioner (appellant) contends that he is one of the heirs at law and, because the property cannot be fairly divided, the land should be sold for division of the proceeds. Essentially, counsel for W.C. Pendley asserts that the trial Court's decree, holding C.B.'s title was founded on adverse possession which began approximately 4 years prior to their father's death, is an erroneous legal conclusion based upon undisputed evidence. (It is to be noted that petitioner's original complaint was filed on March 1, 1973, two days prior to 20 years after J.A. Pendley's death.)
The interested parties entered into the following stipulation of facts: (1) All the parties involved derive their title or claim of title from J.A. Pendley. (2) Since 1948, the land has been assessed, and taxes have been paid, by C.B. Pendley.
The trial Court determined that the land could not be divided equitably or partitioned in kind; that, starting in 1948, C.B. took possession of the land in question and began cultivating it, cutting timber from it, keeping the proceeds for himself; that C.B. also fenced certain portions of the land. Additionally, there was sufficient evidence to support a further finding that the father attempted to make an oral conveyance of the 80 acres to his son, C.B. Indeed, all of C.B.'s brothers and sisters, except the petitioner, believed C.B. had a deed of conveyance from their father and mother to the 80 acres and, upon learning that there was no deed, all except petitioner conveyed the property to C.B.
Counsel for the parties have forthrightly framed the dispositive issue and ably argued their respective positions. They agree that the issue may be stated as follows: Did C.B. Pendley's claim of adverse possession commence prior to his father's death?[1] When reviewed in the factual context of this case, the issue may be more narrowly restated: Is possession by the grantee of an oral conveyance, which is invalid to pass title, adverse to the grantor of such conveyance?
We answer the question, as alternatively posed, in the affirmative. The final decree of the trial Court, vesting title in C.B. Pendley, is affirmed.
The appellant (W.C. Pendley) contends that C.B. Pendley's possession from 1948 to 1953 was permissive on the part of the father, and that the evidence of the father's attempted oral gifts of this land to C.B. shows permissive use, not hostility.
This contention was answered in the 100-year-old case ofCollins v. Johnson, 57 Ala. 304 (1876), and reaffirmed inVandiveer v. Stickner, 75 Ala. 225 (1883), and Lee v. Thompson,99 Ala. 95, 11 So. 672 (1892). Lee contains a succinct statement of the rule:
 "[A]n uninterrupted, continuous possession of lands by a donee, under a mere parol gift, accompanied with a claim of right, is an adverse holding as against the donor, and will be protected by the statute of limitations, thus maturing into a good title by the lapse of [the prescriptive period]; that the fact is immaterial that such a parol gift of lands conveys no title, and only operates as a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar of the statute is complete."
The problem centers around the word "hostile." For possession to be adverse against the true owner, it must not be in recognition of the donor's title and it *Page 407 
must be exclusive and continuous.[2] The possession must be adverse and cannot be a permissive possession. "Permissive" denotes retention of title by the owner. If the title holder (the father), although permitting another's (the son's) use of the property, intended to surrender title, the son's exclusive possession is hostile and constitutes possession adverse to the father. In this context, "permissive use" is not used in the sense of a licensed possession in subordination to another's title. Miller v. Conley, 96 Or. 413, 190 P. 301 (1920). See also 43 A.L.R.2d 1 at p. 30.
The Alabama rule is consistent with the general rule as stated in Tiffany, The Law of Real Property, Third Edition Abridged, § 550, pp. 480-481:
 "To enable one to acquire title by adverse possession his possession must be hostile to the true owner and must be under a claim of right and must exclude any recognition of the rights of the true owner. Intention is of prime importance. Intention to hold adversely must exist for the entire statutory period.
"* * *
 "One who goes into possession under an oral transfer from the owner may assert the statute against the owner after the statutory period, since his possession is under a claim of right which is necessarily exclusive of the transferor. A grantee's possession is adverse to the grantor, whatever may be the defects in the grant."
AFFIRMED.
HEFLIN, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] The issue thus framed recognizes 1) the life tenancy of J.A. Pendley's widow would prevent the operative effect of adverse possession against remainderman unless commenced prior to J.A. Pendley's death (see Kubiszyn v. Bradley, 292 Ala. 570,298 So.2d 9 (1974), and Hammond v. Shipp, 292 Ala. 113,289 So.2d 802 (1974), and 2) 20 years did not expire between the date of his death and the filing of this suit.
[2] It is important to recognize that the elements necessary to constitute adverse possession are the same under the 10-year statutory period (color of title) and the 20-year prescriptive period. There is, however, a material difference in the burden of proof as to these elements between these two species of adverse possession. For a good statement of this rule, seeFitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965).