This appeal involves a boundary line dispute between coterminous owners of real property. Appellees filed a complaint in the Circuit Court of Colbert County, seeking to have the court establish and define the true boundary line between the properties of the parties.
In their complaint, Appellees contend that they are owners of property being described as follows:
 The NW 1/4 of Section 36, Township 4 South, Range 13 West. . . .
The complaint alleged that Appellant owned the property described as follows:
 The East 1/2 of the SW 1/4 of Section 36, Township 4 South, Range 13 West. . . .
Appellees contend that the dividing line between the properties was uncertain and disputed, and sought an order defining the true boundary line between the properties. An ore tenus hearing was held and the trial Judge rendered a final decree in which he found that the joint corner (the SE corner of Appellees' property and the NE corner of Appellant's property) between the two lots was marked by a rock pile with an iron pin located therein. Furthermore, the trial Court found that the boundary line ran from this point and was marked by blazed trees. Although the line as established by the trial Court was approximately 60 feet south of the quarter-section line, defined in the parties' deeds as being the boundary between the parcels, the trial Court held that Appellees had adversely possessed to the line of blazed trees in open, adverse, notorious possession for more than 10 years.
The Appellant contends there was not sufficient evidence to support the trial Court in its adverse possession ruling. Additionally, Appellant contends that the trial Court failed to establish and describe the boundary line with sufficient certainty to resolve the dispute.
In Smith v. Brown, 282 Ala. 528, 213 So.2d 374 (1968), it was held that, if a coterminous landowner holds actual possession of a disputed strip under claim of right, openly and exclusively for a continuous period of 10 years, believing that he is holding to the true line, he will acquire title to that line, even though the belief as to the correct location of the line originated in a mistake. It is immaterial what he might or might not have claimed had he known he was mistaken. While intent to claim the disputed strip is required, there is no requirement that the *Page 658 
intent be to claim property of another, as such a rule would make adverse possession dependent upon bad faith. Possession is hostile when the possessor holds and claims property as his own, whether by mistake or willfully. Smith v. Brown, supra.
It appears that, in the present case, Appellees never intended to claim property belonging to another, but only intended to hold to the true line. A review of the record discloses that there was sufficient evidence to support the trial Court in finding that Appellees did openly and notoriously hold the disputed strip in question intending to claim it as their own, although admittedly it was held under the mistaken belief that they were holding to the true line. This is sufficient to make out a case of adverse possession under the rule of Smith v. Brown.
Admittedly, there is some problem with the certainty of the boundary line as established by the trial Court. There is evidence that a number of the blazed trees referred to no longer exist, having died or been cut for timber. We find, however, that the evidence clearly supports the finding that the SE corner of Appellees' property and the NE corner of Appellant's lot is established as the rock pile containing an iron pin therein. Furthermore, the evidence is consistent with the trial Court's finding that the east-west line forming the boundary between the parties is a line running west from this rock pile that formerly was evidenced by a line of blazed trees. It is our view of the record that the evidence is insufficient to ascertain with reasonable exactness this east-west line; and that, while the point of beginning of this line has been established by the decree below, the line itself is still in dispute.
Accordingly, we remand this case with the instruction that, upon Appellant's motion forthwith, the trial Court shall order a survey to be made pursuant to § 35-3-20, Ala. Code 1975, in order to clarify the location of the line running from the established joint corner westwardly to the western boundary of Appellant's property as determined from the evidence by the trial Court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.