This appeal is from a trial court order fixing a boundary line adverse to the position of the appellant. We affirm.
Appellant purchased a building from her aunt in 1961, which appellant used as a grocery store. In 1974 appellant's aunt conveyed property adjacent to appellant's building to the appellees, who erected a chain link fence after having the boundary line established by a registered surveyor. After construction of the chain link fence, appellant went to her aunt and obtained a deed describing the property contained in the fenced enclosure. Appellant then sought to quiet title and oust appellees from possession of their land. After hearing the evidence ore tenus, the trial court adopted the survey made by appellees' registered surveyor and fixed the boundary accordingly.
Appellant contends on this appeal that the trial court erred in not giving sufficient credibility to appellant's claim of adverse possession. In order to establish title to the land by adverse possession, the appellant had to establish: possession of the land; openness, notoriety and exclusiveness of possession; hostility toward everybody else in respect of possession; holding possession under claim of right or claim of color of title; and continuity for statutory period of ten years. Long v. Ladd, 273 Ala. 410, 412-413, 142 So.2d 660
(1962).
Appellant did not claim the land as of right and could not claim it under color of title since her first deed did not include the land in its description. After appellees' fence was erected, she secured her second deed. Appellant also did not show openness, notoriety or exclusiveness of possession. The only evidence presented is that appellant had some refrigerator compressors on the land and that appellant had a bathroom in the store and the door opened up onto the land. This is not such openness, notoriety and exclusiveness as the law requires. Moreover, appellant did not claim the disputed land for the requisite period.
The evidence was taken before the trial court ore tenus. The law is well settled that where witnesses are examined orally before the court and the judge has the benefit of observing their manner and demeanor and a better opportunity to pass on the credibility of their testimony, his finding will not be disturbed unless clearly erroneous or manifestly unjust. Terryv. Buttram, 368 So.2d 859 (Ala. 1979). We cannot say that the trial court's findings were clearly erroneous or manifestly unjust.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.