387 So.2d 821 (1980)
Clara A. CALHOUN, etc.
v.
Bailey SMITH et al.
79-319.
Supreme Court of Alabama.
August 29, 1980.
Rehearing Denied September 19, 1980.
*822 T. Dudley Perry, Tuskegee, for appellant.
C. LeNoir Thompson, Bay Minette, for appellees.
FAULKNER, Justice.
This is an appeal from a judgment of the Circuit Court of Baldwin County, holding that the appellees acquired by adverse possession real property made the basis of this action. We reverse.
Clara A. Calhoun, as the executrix and trustee under the will of Hamp Smith, sought a declaratory judgment to construe his will to permit her to sell an undivided 4/5 interest in real property located in Baldwin County allegedly owned in fee simple by Hamp Smith. It is undisputed that the remaining 1/5 interest is owned by Bailey Smith, who acquired the property from his father.
The appellees, Hamp Smith's relatives by blood or marriage, filed an answer and a counterclaim alleging that the property could not be sold as requested because they had acquired all of the property described in the complaint by adverse possession except for 2.45 acres of land upon which Hamp Smith resided prior to his death. On June 20, 1979, a default judgment was entered against appellees John Hamilton Smith, Metterine Smith, Ruby Lee Valree, and Mary Bernice Collins.
In his last will and testament, Hamp Smith, deceased, nominated his daughter, Clara A. Calhoun, as the executrix of his will. He directed that if he should not outlive his wife-Clara's mother-then Clara shall be responsible for the care and maintenance of his wife. Hamp's will further provided that, if necessary, Clara Calhoun shall have the right to dispose of any and all of his real or personal property in order to care for his wife. The trial judge construed this part of Hamp's will as creating a trust for the benefit of the wife and designating his daughter as trustee. Hamp Smith predeceased his wife. Under the terms of the will, and because of the need for funds with which to care for her invalid mother, Clara Calhoun sought the declaratory judgment.
In view of the default judgment entered against the named appellees, the only real property at issue is that parcel claimed by *823 Mary Maude Smith and her children and that parcel claimed by Rozena Smith and her children. It is uncontroverted that both women, with their families, have lived on the parcels in excess of twenty years.
In 1972, at the direction of Hamp Smith, the entire tract of land was surveyed into nine separate parcels. Each parcel was designated by the name of a relative who was either living on the parcel at the time, or to whom Hamp Smith allegedly intended to convey the property at some future date. A map of the survey was admitted into evidence which clearly shows these designations and their acreage. Hamp Smith neither deeded any of his property to any of his relatives during his lifetime, nor did he devise his property to anyone other than to Clara Calhoun as his executrix and trustee.
The trial judge heard the testimony ore tenus and found that Clara A. Calhoun has the power to sell all the real and personal property owned by Hamp Smith at his death and apply all the proceeds from the sale toward the cost of caring for and maintaining Clara Smith, the wife. The trial judge further held that Rozena Smith and her children, Mary Maude Smith and her children, and Ruby Smith are the owners of the land they are claiming by adverse possession, and that the remainder of the property is owned by Hamp Smith, subject to that parcel stipulated as belonging to Bailey Smith. The lower court found that the survey of the property is inadequate and ordered a new survey to establish the boundary lines. The appellant appeals from that part of the trial judge's order which vests title in the appellees as adverse possessors.
There was testimony at trial indicating that the appellees have been occupying the land with the consent of Hamp Smith, and that they have made certain tax payments to Hamp Smith when he requested them to do so. Evidence also indicates that the appellees thought that they were making these tax payments in lieu of rental payment to Hamp Smith for their occupation of his land. The record reveals that the property is being assessed in the wife's name, and no evidence was produced showing that the property was ever assessed in the appellees' names.
The primary issue on appeal is whether the appellees are the owners of the land by adverse possession, or whether Hamp Smith had granted the appellees permission to occupy the land. We hold that there was a consensual arrangement between Hamp Smith and the appellees, and because of this, the land was not adversely possessed.
To obtain land by adverse possession, the claimant must prove "possession of the land; openness, notoriety and exclusiveness of possession; hostility toward everybody else in respect of possession; holding possession under claim of right or claim of color to title; and continuity for statutory period of ten years." Tanner v. Thompson, 376 So.2d 697, 698 (Ala.1979). These elements must be proven by clear and convincing evidence. Knowles v. Golden Stream Fishing Club, Inc., 331 So.2d 253 (Ala.1976). It should be noted that the elements necessary to prove ownership under the twenty year prescriptive period are the same as those needed to prove adverse possession under the ten year statutory period; the difference between the two is one of burden of proof. Pendley v. Pendley, 338 So.2d 405, 407 n.2 (Ala.1976); Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965).
It is fundamental to the law of adverse possession that the claimant prove hostile possession of the property for the prescribed period of time. "Possession is hostile when the possessor holds and claims property as his own, whether by mistake or willfully." Reynolds v. Rutland, 365 So.2d 656, 658 (Ala.1978). Possession must be without recognition of the owner's rights. Pendley v. Pendley, 338 So.2d 405 (Ala. 1976). Inasmuch as hostility is a requirement, permissive possession of the property will not sustain the claimant's burden; it would be a contradiction in terms to so hold.
Appellant contends, and we agree, that the appellees occupied the land with the permission of the true owner, Hamp *824 Smith. At trial two of the appellees admitted, and later conceded in their brief, that they were living on the land with the consent of Hamp Smith. When this subject was broached, appellee Mary Maude Smith testified:
Q: So, were you living on his property with his consent?
A: Yeah, he told [my husband] that he could put the house there.
Appellee Rozena Smith answered affirmatively to the same question:
Q: Did ya'll also live on the property with the consent of Mr. Hamp Smith?
A: Yeah.
Q: He gave you permission to live on the property; is that right?
A: Right.
As was stated in Enterprise Lodge No. 352 of the Knights of Pythias v. First Baptist Church (Colored) of Evergreen, 292 Ala. 579, 581, 298 So.2d 17, 19 (1974), "[i]t is well settled that an entry and possession of land under permission of the owner will not ripen into title by adverse possession." In order to change possession from permissive to adverse, the possessor must make a clear and positive disclaimer or repudiation of the true owner's title. The possessor must give the true owner actual notice of such disavowal, or he must manifest acts or declarations of adverseness so notoriously that actual notice will be presumed. Stewart v. Childress, 269 Ala. 87, 111 So.2d 8 (1959). There is nothing in the record that reflects, that once permission was granted to occupy the land, the appellees repudiated such permission so as to constitute adverseness to the true owner. As such, the prescribed period of time for adverse possession will not begin to run until notice of the adverse claim, or hostility, has been brought home to the true owner. Stewart.
Appellees cite Pendley v. Pendley, 338 So.2d 405 (Ala.1976), in support of their argument that if a donor-title holder (Hamp Smith) intends to surrender title to putative donees (his relatives), and in the interim the donor permits the donees to use the property, they can adversely possess as against the donor. Although there is testimony in the record intimating that Hamp Smith had intended to make a gift of his property to the appellees in proportion to that designated on the map, we find that there was a condition precedent to such a gift. The testimony shows that the gift would have occurred, if at all, only if Hamp Smith had outlived his wife; this condition precedent was not performed. Therefore, we find Pendley inapposite to defeat the appellant's argument that there was not hostile possession.
Further, we find that the appellees' payments to Hamp Smith were made with the expectation that such were for their right to occupy his land, whether they actually constituted rental payments or not. In any event, we are not convinced that these payments were made in satisfaction of their tax indebtedness. Even if such payments were for taxes owed, the payment of taxes alone is not dispositive on the question whether the appellees are holding the land adversely. Ford v. Washington, 288 Ala. 194, 259 So.2d 226 (1972).
Because we find that the appellees have been holding the property with the permission of the true owner, Hamp Smith, and because such a repudiation of the permissive use has not been clearly manifested to the true owner, or his executrix, we hold that there was not hostile occupancy of the land to vest title in the appellees under adverse possession.
REVERSED AND REMANDED.
TORBERT, C. J., and ALMON, SHORES and EMBRY, JJ., concur.
TORBERT, Chief Justice (concurring specially).
In Alabama there are two types of adverse possession: statutory adverse possession and adverse possession by prescription. Statutory adverse possession requires actual, exclusive, open, notorious and hostile possession for ten years under claim of right, plus color of title, payment of taxes *825 for ten years, or a title derived by descent cast or devise from a possessor. Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962). Adverse possession by prescription is wholly common law, and requires actual, exclusive, open, notorious and hostile possession for twenty years under a claim of right. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965).
The burden of proof as to the elements of each is the same, the difference between the two types of adverse possession being the added elements and the reduced time of possession required under the statute. See, Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289 (1972); Brannan v. Henry, 175 Ala. 454, 57 So. 967 (1912). The failure to correctly distinguish between these two types of adverse possession has in the past led to much confusion, and I do not feel that this confusion should be continued.