FAULKNER, Justice.
This is an appeal from a judgment declaring Ella Reese to be the owner in fee simple of a certain tract of real estate located in Montgomery, Alabama. We affirm.
Reese initially filed suit against Sam and Leola Lamphers requesting the trial court to declare her to be the owner in fee simple of a house and lot at 3318 Roundtree Street.
In the alternative, she requested that she have a lien on the property for the sum of $6,400.00 as reimbursement of all sums she paid on the mortgage on the property while she lived there.
The Lampherses answered that Reese occupied the property by virtue of a tenancy at will and filed a counterclaim requesting the court to deliver possession of the property to them and asking damages for an unpaid assessment, and for detention of the property.
It was undisputed that the deed to the property was in the Lampherses’ names and that the mortgage on the property was paid in full. It was also not disputed that they had left Montgomery to reside in another state in 1951-52 and that Reese and her father had resided in the house and made payments on the existing mortgage, as well as paying taxes, insurance and upkeep on the property for the twenty-nine year period. There was, however, much dispute as to the character of their possession.
The testimony showed that Ella Reese and Leola Lamphers are sisters. In 1950 Leola Lamphers and her husband, Sam, purchased the subject property; it was financed with a 100% VA loan. The initial deposit on the property, which was applied to the closing costs, was paid by Sam Lam-phers and Tom Reese, the father of Ella Reese and Leola Lamphers.
At the time the property was purchased, it was occupied by Sam and Leola Lam-phers and several members of Mrs. Lam-phers’s family. There was a dispute in the testimony regarding how soon after the purchase Ella Reese came to live in the house; the period varied from a few weeks to approximately a year and a half. At any rate, she was living there by the end of 1952.
Approximately a year and a half after they purchased the property, the Lamphers-es moved to Pittsburgh, Pennsylvania, but they returned in less than a year, and lived in the house. The testimony conflicted regarding who made the mortgage payments during this time, Ella Reese or the Lam-pherses.
After their return from Pittsburgh, the Lampherses remained in Montgomery for a while but by November, 1952, they had moved to Anderson, Indiana, where they lived at the time of this suit. They did not return to Montgomery except for visits after that time.
The testimony is in dispute as to what was said when the Lampherses left the last time. Ella Reese and her father testified that the Lampherses said they were leaving Montgomery and never intended to come back to live in Alabama. They testified further that the Lampherses told them they could either pay the mortgage or let it lapse and return the property to the real estate agency. Ella Reese made the payments until 1976, when the mortgage was paid in full. She and her father have lived in the house continuously since 1952.
Sam and Leola Lamphers denied saying they never intended to return to Montgomery. They claimed that the only thing that was said was that the other family members could stay in the house if they would make the mortgage payments and maintain the property. They denied that they intended to abandon the property; rather, they say, they intended for the mortgage payments to serve as rent on the property.
The Lampherses admitted that they had not contributed to the mortgage payments or to the cost of upkeep on the house since 1952. Although the deed and the utilities remained in their name, Ella Reese made the payments, paid the taxes, replaced the *552 roof and purchased a new water heater and various other items. There was some discussion through the years of the Lamphers-es’ helping with the cost of painting and adding rooms onto the house; however, they never followed through with these plans.
There was no dispute between the parties until shortly before this suit commenced. Ella Reese and the Lampherses had discussed their paying a street sewer assessment she had received from the City of Montgomery, and Ms. Reese forwarded the assessment notices to the Lampherses in Indiana. Apparently, Mr. Lamphers then suggested that since she was not paying any rent to him, she could pay the assessment. Ms. Reese refused to pay any rent, stating that she saw no reason to pay rent when she was at home.
In October, 1978, the Lampherses decided to sell the property. The testimony was disputed regarding whether they discussed with Ella Reese her buying the house and lot. They subsequently contacted a real estate company in Indiana and listed the property for sale with a realtor in Montgomery. At that point Ella Reese filed the suit, praying for a judgment declaring that after holding the property openly, notoriously, adversely, peaceably and continuously, for over 28 years, under a parol gift from Sam and Leola Lamphers, she was in fact the owner of the property. The Lam-pherses counterclaimed alleging a tenancy at will.
The trial court found that Ella Reese came into possession under a parol gift from Sam and Leola Lamphers, and that she had continued in the uninterrupted, continuous, peaceable, open and hostile possession under claim of right; that the possession was neither permissive nor in recognition of title in the Lampherses; and that the Lampherses intended at the time of parol gift to surrender title to Ella Reese. The trial judge decreed that Ella Reese was the sole owner of the property.
The decree issued after an ore tenus hearing by the trial court conforms with this Court’s holding in Pendley v. Pendley, 338 So.2d 405 (Ala. 1976). Upon our review of the evidence, we find no manifest unjustness. We will not disturb the trial court’s decree. See Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970).
AFFIRMED.
TORBERT, C. J., and ALMON, SHORES and EMBRY, JJ., concur.