PER CURIAM.
W.C. Pendley (appellee herein) brought an action for ejectment seeking to recover possession of certain land from an adjoining landowner, C.B. Pendley (appellant herein). This suit concerns the possession by appellant of land which was also the subject matter of a prior suit in which appellee sought a sale for division of the property. Pendley v. Pendley, 338 So.2d 405 (Ala.1976). We hold that the prior suit is determinative of the claim brought in this action, and, therefore, the judgment in this case is due to be reversed.
The land involved in the instant suit lies in Walker County and is owned by two brothers, appellant and appellee. Jessie Arnold Pendley, the parties’ father, conveyed to appellant by deed 10 acres of land lying in the East ½ of the SW ¾4 of the NW ¼ of Section 19, Township 15, Range 9, in Walker County. About the same time, appellant went into possession of 80 acres which adjoined the land conveyed by the deed and commenced cultivating the land, cutting timber on it, and using it for pasture. In 1953, upon the death of his father, the appellant moved into the house which was on the 80 acres of land which was not covered by the deed from Jessie Arnold Pendley to the appellant. The entire 90 acres, the 10 conveyed by deed and the additional 80 acres which appellant took possession of, was assessed for taxes in appellant’s name from 1948 until the present. All of the parties were under the impression that the deed from Jessie Arnold Pendley to his son C.B. Pendley, the appellant, described the entire 90-acre tract rather than only 10 acres. After it was discovered that the deed did not convey the 90-acre tract, all of *2 the brothers and sisters except W.C. Pend-ley, the appellee, conveyed their interests in the 80 acres to the appellant. The appellee, in March of 1973, brought suit seeking a sale for division of the tract. Appellant counterclaimed for reformation of the deed or for a declaration that he had title to the 80 acres by adverse possession or prescription. The trial court entered the following judgment:
“1. That the petition to have said land sold for division and partitioned among the joint owners is hereby denied.
“2. That the Respondent, C.B. Pend-ley’s petition to have said deed as set out in the counterclaim reformed is hereby denied.
“3. That C.B. Pendley’s counterclaim and cross claim for any rights under a deed by color of title to said land is hereby denied.
“It is the further order, judgment and decree of this Court that the said C.B. Pendley has been in peaceful, open, hostile, notorious, exclusive, continuous, and adverse possession of said 80 acres of land described hereinabove for a period of 24 years prior to the time of the filing of this Bill of complaint in this cause and has used said 80 acres of land in a manner consistent with its nature and in- a manner for which the land was reasonably adapted thereto during said 24 years and by reason of same has acquired title to said land by adverse possession and the Court decrees that he, by said adverse possession, has acquired title to said land, and that said land now belongs to him.”
This Court affirmed that judgment of the trial court in Pendley, supra, in 1976.
In March of 1977 appellee filed a second suit, seeking ejectment of appellant from the house and curtilage. Appellee maintained that the house and curtilage lay in the NW ⅛ of the SW ¼ of Section 19, which is owned in fee simple by appellee.
Appellant raised the defense of res judi-cata, which was rejected by the trial court, and filed a counterclaim stating that this case involved a boundary dispute and that the fence which enclosed the house and yard was the true dividing line between the parties. The case was tried before a jury, and on April 17, 1979, a mistrial was declared when the jury was unable to reach a unanimous verdict.
The trial court reset the case for trial and bifurcated the issues, so that the boundary line dispute would be tried by the court and the other issues by a jury. On August 20, 1980, the trial court issued the following order:
“This cause coming on for a final hearing upon the Defendant’s counterclaim as last amended and with all parties being present before the Court and being represented by their respective attorneys, the Court proceeded to hear the oral testimony; at the conclusion of which, the photographs, surveys, exhibits, and other evidence including a personal view and inspection of the disputed area by the Court, and after a thorough consideration of the same, the Court is of the opinion that the parties to this cause are Coterminous owners of the lands in dispute, and the Court finds that there was in fact, a dispute over the location of the true dividing line between the lands owned by the parties.
“The Court further finds that the Defendant, C.B. Pendley, [Brack] is the owner of the SW ¼ of the NW ¼ of Section 19, Township 15 South, Range 9 West, and that the Plaintiff, W.C. Pend-ley, [Curt] is the owner of the North one-half of the NW ¼ of the SW ¼ of Section 19, Township 15 South, Range 9 West, as described in his deed.

“The Court further finds that the Defendant, C.B. Pendley, has failed to establish title by adverse possession to any of the disputed lands outside the lands called for in the Defendant’s deed.

“The Court further finds that the location of the true dividing line between the lands in dispute is as follows:
“Begin at the NW Corner of Section 19, Township 15 South, Range 9 West. Thence run South Io and 57' East for a distance of 2698.50' to the NW Corner of the NW ¼ of the SW ¼, which is marked *3 by a steel post or a hub. Thence run East on an angle of 89° 51' 15" for a distance of 5606.34' to the East Line of 19, Township 15 South, Range 9 West.” [Emphasis added.]
Subsequently, on May 14, 1982, the court issued an additional order:
“This cause coming on to be heard upon the plaintiffs motion filed March 1,1982, to strike the defendant’s motions of June 20,1981, and July 21,1981, with reference to the defendant’s demands for an abstract and also the defendant’s motion for recusal. The Court proceeded to hear testimony on said motions and after hearing the witnesses and after a careful consideration of the same, the Court overruled the defendant’s motion for recusal and granted the plaintiff’s motion to strike. Upon the court’s rulings on said motions, the plaintiff then in open Court withdrew his claim for damages in his complaint for ejectment and the Court being of the opinion that the issues in the above-styled cause became moot except that the plaintiff is entitled to possession of the lands in dispute.
“IT IS, THEREFORE, THE ORDER, JUDGMENT AND DECREE OF THE COURT AS FOLLOWS:
“1. That the plaintiff, W.C. Pendley, is entitled to the immediate possession of all that property lying South of the land line established by Decree of this Court on August 20,1980; and further, that the defendants shall deliver possession of said property to the plaintiff immediately.
“2. It is the further order of this Court that the defendants shall have the right to remove any buildings or other improvements presently located on said property, and that all buildings and other improvements which the defendants claim shall be removed from such premises beginning immediately and shall be completely removed not later than January 1, 1983; and any other buildings remaining on said property after that date shall become property of the plaintiff.”
In effect the trial court held that appellant had failed to establish title by adverse possession, and appellant was therefore ordered to move the house from the boundary line established by the court. That line was based upon a court ordered survey which indicated that the forty line, in fact, ran through appellant’s homeplace and curti-lage.
After reviewing the record in this case and the briefs of the parties, we are convinced that the trial court erred in disallowing the defense of res judicata. We find that the homeplace and curtilage were part of the contested property in the prior suit. In that case, the trial court held that appellant herein had gained title to the home-place and curtilage by adverse possession. That determination is controlling in the present suit.
The elements of res judicata were set out by this Court in Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978):
“The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir.1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B & L Construction Co., 331 So.2d 257 (Ala.1976).”
364 So.2d at 1199. It is virtually undisputed that the first three elements are met in the case before us. The fourth element presents some question since the former case involved a sale for division and the current case involves a boundary line dispute.
We have, however, in considering this fourth element, stated:
“The presence of the fourth element of res judicata, that each suit is based on the same cause of action, depends upon whether substantially the same evidence supports both actions.”
*4 364 So.2d at 1200. The evidence before the trial court in this boundary line dispute was the same evidence of adverse possession offered in the prior case. Thus, we find that appellee was barred from relitigating title to the homeplace and curtilage which had been determined in the prior suit. For this reason, this judgment is due to be reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON, EMBRY and ADAMS, JJ., concur.