KENNEDY, Justice.
The plaintiff, Johnny L. Pogue, appeals from a summary judgment entered in favor of the defendants, White Stone Baptist Church and Roosevelt Turner, as trustee. We affirm.
The issues are whether the plaintiff presented substantial evidence necessary to maintain an action to quiet title so as to permit submission to the trier of fact and whether the defendants acquired title to the subject property by adverse possession.
On June 30, 1987, plaintiff, Johnny L. Pogue, filed a complaint pursuant to Code 1975, § 6-6-540 et seq., to quiet title. Plaintiff claimed title in fee simple to real property, occupied and claimed by the White Stone Baptist Church, by virtue of “indentures” or deeds executed on July 30, 1958, and August 28, 1958. The instruments were signed by Rev. Bonnie L. Po-gue (plaintiffs father) as grantor and named plaintiff as grantee. However, these instruments were not recorded until November 6, 1985 (lot 7) and December 6, 1985 (lots 8 and 9), when they were recorded in Real Property Book 2837, at page 876, and Real Property Book 2850, at page 869, respectively. Plaintiff claimed that Rev. Bonnie L. Pogue posted the indentures on the Church’s bulletin board and that the indentures remained posted for an undetermined period of time; he claims this, apparently, in an effort to prove that the Church had notice of the conveyances to him in 1958. The Church claimed title by adverse possession by prescription.
The plaintiff alleged that the indenture dated July 30, 1958, gave the Church possession of lot 7 for its use during the life of the grantor (Rev. Bonnie L. Pogue) and gave the plaintiff fee simple title upon the death of the grantor. He further alleged that the August 28, 1958, indenture gave the Church possession of lots 8 and 9 for its use during the grantor’s life and gave plaintiff fee simple title upon the death of the grantor. Both instruments supposedly allowed the Church the use of the premises at the will of the plaintiff, upon his being vested with title. The grantor, Rev. Bonnie L. Pogue, died in 1963. The Church has *982 been in continuous possession of the premises for over 39 years, and mortgaged lots 7 and 8 in 1977 to Mobile Federal Savings and Loan Association (recorded in Real Property Book 1729, at page 835).
On January 6, 1986, plaintiff sent a certified letter to the trustees of the Church, which stated that the tenancy at will was' terminated, and he enclosed a proposed lease instrument. The Church claimed title to the property and refused to pay rent and, thus, this lawsuit followed.
The trial court granted defendants’ motion for abstract of title pursuant to Code 1975, § 6-6-283. The plaintiff did not provide an abstract as ordered, but he did file a letter from Title Insurance Company addressed to the plaintiff. The letter indicates that Rev. Bonnie L. Pogue and his wife conveyed lots 7 and 8 by a warranty deed to the trustees of the Church on January 20,1960. This deed was recorded more than 25 years prior to the recordation of plaintiffs indentures or deeds. The letter also indicated that Rev. Bonnie L. Pogue never had record title to lot 9.[1] Lot 9 was owned by Walter and Christine Parmer, who conveyed lot 9 by a warranty deed to the Church on July 12, 1977. The trial court granted defendants’ motion for summary judgment, based on the pleadings, affidavits, and exhibits. Plaintiff, pro se, appealed.
Sections 6-6-540 and -541, Code 1975, set out the right of a person in peaceable possession of land to settle title to the land and set out the contents of the complaint that must be filed.[2]
“To maintain an action to quiet title to real property, ... complainant must prove certain facts. If these elements are not proved, the complaint is due to be dismissed unless the evidence shows that title should be quieted in the respondent. Complainant must prove, inter alia, that he was in the actual or constructive possession of the property, and that his possession was peaceable as distinguished from scrambling or disputed. It is the character of the possession at the time the suit commenced which is decisive. Furthermore, there must be no suit pending at the time the suit commenced testing respondents’ claims.
“One has constructive possession of property when he has a legal estate in fee in the property. And one is in peaceable possession as opposed to scrambling possession when at the time of the suit no other party is denying the fact of complainant’s possession.”
Denson v. Gibson, 392 So.2d 523, 524-25 (Ala.1980) (citations omitted) (emphasis original).
In this case, the plaintiff failed to offer substantial evidence of the facts necessary to maintain an action to quiet title; thus, his action could not be submitted to a trier of fact. For example, the plaintiff failed to allege peaceable possession, either in his complaint or in his amended complaint, as required by statute.
*983 Even if the plaintiff had alleged peaceable possession, via “constructive possession” (i.e. that he had a legal estate in fee in the property by virtue of the 1958 indentures), his arguments as to lot 9 would fail, because the plaintiffs alleged grantor never had title to lot 9, which meant that title to that lot could not have been transferred to plaintiff. The evidence, viewed in the light most favorable to the plaintiff, and as shown by the Title Insurance Company letter, indicates that a Mr. and Mrs. Parmer had title to lot 9 and that they conveyed their interest in lot 9 to the Church in 1977. As to lots 7 and 8, the evidence, as presented by the affidavits of the trustees of the Church, shows that the Church has been in actual, open, notorious, hostile, continuous, and exclusive possession of the disputed property for over 39 years, and that the Church claims title by the January 20, 1960, deed. A succinct statement of the requirements for the acquisition of title to property by prescription or by adverse possession under the ten-year statutory period (Code 1975, § 6-5-200) is contained in Calhoun v. Smith, 387 So.2d 821 (Ala.1980). There, the Court stated:
“To obtain land by adverse possession, the claimant must prove 'possession of the land; openness, notoriety and exclusiveness of possession; hostility toward everybody else in respect of possession; holding possession under claim of right or claim of color to title; and continuity for statutory period of ten years.’ Tanner v. Thompson, 376 So.2d 697, 698 (Ala.1979). These elements must be proven by clear and convincing evidence. Knowles v. Golden Stream Fishing Club, Inc., 331 So.2d 253 (Ala.1976). It should be noted that the elements necessary to prove ownership under the twenty year prescriptive period are the same as those needed to prove adverse possession under the ten year statutory period; the difference between the two is one of burden of proof. Pendley v. Pendley, 338 So.2d 405, 407 n. 2 (Ala.1976); Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965).”
Although the plaintiff did not present the evidence necessary to meet the statutory prerequisites of a quiet title action, the defendant Church did, in its response, clearly present evidence that entitled it to a judgment, as a matter of law, quieting title in it. The evidence, without a genuine issue of material fact, showed that the Church had title, if not by deed, then by adverse possession, either prescriptive or statutory.
Therefore, the Church's summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, and HOUSTON, JJ., concur.

. Copies of the instruments referred to in the Title Insurance Company letter are not included in the record before this Court, except for the 1958 indentures. Nor does the letter indicate the relevant recording dates. However, it does show that the January 20, 1960, deed is recorded in Real Property Book 822, Page 520, and the July 12, 1977, deed is recorded in Real Property Book 3091, Page 792, whereas plaintiff's indentures were recorded in Books 2837 and 2850.

. “§ 6-6-540. Right of action to settle title to lands by person in peaceable possession thereof.
“When any person in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof or any interest therein or to hold any lien or encumbrance thereon and no action is pending to enforce or test the validity of such title, claim or encumbrance, such person or his personal representative or guardian, so in possession, may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same.
“§ 6-6-541. Contents of complaint.
"The complaint authorized by section 6-6-540 must describe the lands with certainty, must allege the possession and ownership of the plaintiff and that the defendant claims, or is reputed to claim, some right, title or interest in, or encumbrance upon, such lands and must call upon him to set forth and specify his title, claim, interest or encumbrance and how and by what instrument the same is derived and created.”