Judy Lynn and David Lynn filed an action in 2003 in the Cullman Circuit Court against Judy's mother, Blue Bell Kelley, seeking to quiet title in themselves to a parcel of land measuring approximately 1.14 acres that, they claimed, was located adjacent to other property they owned and had been used as a "garden spot" for the preceding 25 years. After an ore tenus proceeding, the trial court entered a judgment determining that Judy and David had failed to demonstrate that they held title to the parcel via adverse possession. Judy and David's appeal from the trial court's judgment was transferred to this court pursuant to § 12-2-7(6), Ala. Code 1975.
"It is well settled that where testimony is presented ore tenus, the trial court's findings are to be favored with a presumption of correctness and not disturbed upon appeal unless palpably erroneous, without supporting evidence, or manifestly unjust." *Page 310 Wallace v. Putman, 495 So.2d 1072, 1075 (Ala. 1986). "This presumption is particularly strong in boundary line disputes and adverse possession cases . . . and is further enhanced if the trial court personally views the property in dispute," as occurred in this case. Id.
The record reveals that in 1952 Kelley and her husband were deeded a 28-acre tract of land that included the disputed parcel; the parties agree that that deed rendered Kelley and her husband tenants in common as to the 28-acre tract. In the years following Kelley and her husband's acquisition of the 28-acre tract, but preceding the death of Kelley's husband in August 1988, several parcels of that tract were jointly conveyed by Kelley and her husband to their children and those children's spouses, including a 1-acre parcel conveyed to Judy and David in 1973; a slightly larger parcel west of that 1-acre parcel was later conveyed by Kelley and her husband's heirs to Judy and David soon after Kelley's husband had died. A current county tax map admitted into evidence revealed Kelley's remaining property to be 4.3 acres in the shape of an irregular 11-sided figure that was largely surrounded by parcels held by family members; also, a parallelogram-shaped tract of land inside the 11-sided parcel had similarly been conveyed to David's brother Terry Lynn and his wife Dana Lynn. Judy and David's two parcels were located to the southeast and to the southwest of Kelley's land; the land in dispute lies within the 11-sided parcel claimed by Kelley, to the north of the 1-acre parcel held by Judy and David that is southeast of the 11-sided parcel but to the south of the parallelogram-shaped tract of land conveyed to Terry and Dana.
At the May 2006 trial, Judy was asked how she had acquired the disputed property, and she replied that her father (Kelley's husband) had given the property to her and David between 30 and 32 years beforehand; that testimony indicated, at most, a parol gift dating to no earlier than 1974, 14 years before the death of Kelley's husband. Kelley testified that her husband had never told her of any such gift. According to Judy, she and David had laid septic-tank lines across the disputed property and had used that property as a garden. During cross-examination, Judy admitted that she and David had been permitted by Kelley to use any property in that area that belonged to her; that she had never told Kelley to stay off the disputed property; and that she had never paid taxes on the disputed property except in order to help Kelley during her husband's lifetime. David admitted during cross-examination that Kelley had "never been ousted from" the disputed property and that when he and Judy had requested that Kelley deed them the disputed property, Kelley had responded by saying that "she wasn't going to give nobody nothing." There was also testimony from other witnesses indicating that Kelley's husband and Judy's siblings had used the disputed property for gardening up to the death of Kelley's husband in 1988 without seeking permission from Judy or David.
Alabama law recognizes two types of adverse possession: "statutory" adverse possession (see generally §6-5-200, Ala. Code 1975) and adverse possession by prescription. "Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years." Kerlin v. Tensaw Land Timber Co., 390 So.2d 616, 618 (Ala. 1980). Judy and David, in their brief to this court, claim adverse possession by prescription, i.e., they assert that they undertook a course of conduct for over 20 years that *Page 311 
amounted to proof of "actual, exclusive, open, notorious and hostile possession [of the disputed property] under a claim of right." However, our Supreme Court also noted in Kerlin
that when a party "claims title to land by way of adverse possession, the presumption is in favor of the record owner, and a heavy burden of proof rests on the one claiming by adverse possession" (id at 619).
Judy and David rely principally on Pendley v.Pendley, 338 So.2d 405, 407 (Ala. 1976), in which the Alabama Supreme Court held that when a titleholder of a parcel of land makes a parol gift of that land to a party, the party's "exclusive possession is hostile and constitutes possession adverse to the [titleholder]" that may ripen into a title via prescription. That case does not mandate reversal. First, although Pendley would support a determination that any possession of the disputed property by Judy and David between 1974 and 1988 was adverse vis-à-vis Kelley'shusband based upon the alleged parol gift, that period was less than the 20 years necessary to bar Kelley's husband from reasserting his superior title, and upon his death in 1988 his heirs (which would include both Kelley and Judy;see §§ 43-8-41 and 43-8-42, Ala. Code 1975) became entitled to occupy the disputed property as cotenant successors to his interest. Second, at no time has Kelley been shown to have conveyed her interest in the disputed property so as to render Judy and David's possession adverse to her
under the rule announced in Pendley.[1] Under Alabama law, the possession of a tenant in common is presumed to be the possession of all; such possession does not become adverse to the cotenant until he or she is actually ousted, the adverse character of the possession of the claiming tenant is actually known to the cotenant, or the possession of the claiming tenant is so open and notorious in its hostility and exclusiveness as to put the cotenant on notice of its adverse character. Exparte Walker, 739 So.2d 3, 6 (Ala. 1999).
Further, in this case, there was substantial evidence tending to show that Judy and David's use of the disputed property was permissive rather than exclusive and hostile. The trial court could properly have concluded from the evidence that other members of Kelley's family, including Kelley and her husband, had used the disputed "garden spot" even after the alleged parol gift of that property by Kelley's husband and that Judy and David had not asserted a claim of a right to the disputed property superior to Kelley or her husband's other heirs before suing Kelley in 2003.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.
[1] Indeed, David's admission that he and Judy had requested Kelley to convey the disputed property to them may well have been deemed fatal to their adverse-possession claim. SeeKerlin, 390 So.2d at 619 ("efforts to buy the property from the record owner constitute acknowledgment of his superior title, and thus do disprove . . . adverseness, since there is then no claim of right"). *Page 312