The defendant, James Buckner, appeals from a judgment in favor of the plaintiffs, Danny Hosch and Jowana Hosch, in a dispute regarding land. We reverse and remand.
Between 1985 and 1990, the Hosches acquired record title to several tracts of land ("the Hosches' land") located in Section 3 in Marion County. In 2000, Buckner purchased two tracts of land located in Section 3 in Marion County at a tax sale. One of the tracts purchased by Buckner ("Buckner's northern tract") contained approximately 50 acres and was located immediately north of the Buttahatchee River ("the river") and immediately south of the Hosches' land. The other tract purchased by Buckner contained approximately 70 acres and was located immediately south of the river opposite Buckner's northern tract. Although they had never acquired record title to Buckner's northern tract, the Hosches had erected a fence around Buckner's northern tract sometime in 1987 *Page 1151 
and thereafter had used it as a pasture for cattle. In 2003, Buckner received a deed conveying title to the two tracts he had bought at the tax sale in 2000. Thereafter, a dispute arose between Buckner and the Hosches over who owned Buckner's northern tract.
In 2006, the Hosches sued Buckner, alleging a quiet-title claim against him. Thereafter, the Hosches amended their complaint to allege a claim seeking the establishment of the river as the boundary line between their land and Buckner's land. Buckner answered the Hosches' complaint and amended complaint with general denials. The trial court received evidence ore tenus at a bench trial on February 23, 2007, and thereafter entered a judgment stating, in pertinent part:
 "[T]he court finds that the [Hosches] are entitled to the relief prayed for in the Complaint and the Amendment thereto.
 "It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:
 "1. That the true coterminous boundary between the lands of the [Hosches] and the lands of [Buckner] is the Buttahatchee River. . . .
 "2. That the lands of the [Hosches] lie adjacent to and immediately North of the aforesaid coterminous boundary, and that the lands of [Buckner] lie adjacent to and immediately South of said coterminous boundary."
Buckner moved the trial court to alter, amend, or vacate the judgment in favor of the Hosches. After the trial court denied Buckner's postjudgment motion, Buckner appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Buckner argues that the trial court erred in entering a judgment in favor of the Hosches because, Buckner says, (1) this is an adverse-possession case rather than a boundary-line dispute, and, therefore, he asserts, the Hosches had to prove that they had acquired ownership of Buckner's northern tract by virtue of either statutory adverse possession or prescriptive adverse possession in order to win a judgment in their favor; and (2) the Hosches' failed to prove that they had acquired ownership of Buckner's northern tract by virtue of either statutory adverse possession or prescriptive adverse possession. We agree.
Because the trial court's judgment in this case is based on the application of the law to the facts, the following principles govern our review:
 "`"`[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.'"' Water Works Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala. 2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala. 2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). `"The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment."' Waltman v. Rowett, 913 So.2d 1083, 1086 (Ala. 2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala. 1985)). `Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge's conclusions of law or the incorrect application of law to the facts.' Waltman v. Rowell, 913 So.2d at 1083."
Retail Developers of Alabama, LLC v. East Gadsden GolfClub, Inc., 985 So.2d 924, 929 (Ala. 2007).
In Kerlin v. Tensaw Land Timber Co.,390 So.2d 616 (Ala. 1980), the supreme *Page 1152 
court recited Alabama law regarding adverse possession:
 "In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962).
 "Boundary disputes are subject to a unique set of requirements that is a hybrid of the elements of adverse possession by prescription and statutory adverse possession. In the past there has been some confusion in this area, but the basic requirements are ascertainable from the applicable case law. In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession for ten years. See, Reynolds v. Rutland, 365 So.2d 656 (Ala. 1978); Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975); Smith v. Brown, 282 Ala. 528, 213 So.2d 374
(1968); Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554 (1944); Smith v. Bachus, 201 Ala. 534, 78 So. 888 (1918). But see, Davis v. Grant, 173 Ala. 4, 55 So. 210 (1911). See also Code 1975, § 6-5-200(c). The rules governing this type of dispute are, in actuality, a form of statutory adverse possession. See
Code 1975, § 6-5-200(c); Berry v. Guyton, 288 Ala. 475, 262 So.2d 593 (1972)."
390 So.2d at 618-19.
Although the Alabama Supreme Court has applied the hybrid form of adverse possession described above in true boundary-line disputes, see, e.g., Johnson v. Brewington,435 So.2d 64, 65 (Ala. 1983), it has held that, when a coterminous landowner is claiming to have acquired all or a significant portion of another coterminous landowner's land by virtue of adverse possession, (1) the case is an adverse-possession case rather than a boundary-line dispute, (2) the hybrid form of adverse possession does not apply, and (3), therefore, the party claiming adverse possession must prove the elements of either statutory adverse possession or prescriptive adverse possession. See McCallister v. Jones, 432 So.2d 489,492 (Ala. 1983) (holding that, when one coterminous landowner claimed to have acquired ownership of a three- to five-acre portion of the other coterminous landowner's land, the case was an adverse-possession case to which the hybrid form of adverse possession applicable in boundary-line disputes did not apply); and Kerlin, 390 So.2d at 619 (holding that, when one conterminous landowner claimed to have acquired ownership of the entire lot of the other coterminous landowner, the case was an adverse-possession case to which the hybrid form of adverse possession applicable in boundary-line disputes did not apply).
Buckner argues that the case now before us is an adverse-possession case rather than a boundary-line dispute because the Hosches claim to have acquired ownership of a 50-acre tract of Buckner's *Page 1153 
land by adverse possession and, therefore, that the hybrid form of adverse possession applicable in boundary-line disputes does not apply. The Hosches, on the other hand, argue that the case now before us is a boundary-line dispute rather than an adverse-possession case and, therefore, that the hybrid form of adverse possession applicable in boundary-line-disputes does apply. Based on the holdings in McCallister andKerlin, we conclude that this is an adverse-possession case rather than a boundary-line dispute because the Hosches claim to have acquired ownership of a 50-acre parcel of Buckner's land by virtue of adverse possession and, therefore, that the hybrid form of adverse possession applicable in boundary-line disputes does not apply in this case. Consequently, the Hosches were required to prove the elements of either statutory adverse possession or prescriptive adverse possession in order to win a judgment in their favor. SeeMcCallister and Kerlin.
The evidence before the trial court failed to prove an essential element of statutory adverse possession because it did not indicate that the Hosches had (1) held Buckner's northern tract under color of title, (2) had paid taxes on Buckner's northern tract for 10 years, or (3) had derived their title to Buckner's northern tract by descent, cast, or devise from a possessor of Buckner's northern tract. SeeKerlin, supra.
The evidence also failed to prove an essential element of prescriptive adverse possession because it did not indicate that the Hosches had adversely possessed Buckner's northern tract for the requisite 20-year period.
Because the Hosches failed to meet their burden of proving that they had acquired ownership of Buckner's northern tract by virtue of either statutory adverse possession or prescriptive adverse possession, the trial court erred in entering a judgment in favor of the Hosches. Therefore, we reverse the judgment in favor of the Hosches and remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.