On Application for Rehearing

MOORE, Judge.
On application for rehearing, James H. Suggs, Ruth E. Suggs, and the James H. & Ruth E. Suggs Revocable Trust (“the Suggses”) argue that this court, in Buckner v. Hosch, 987 So.2d 1149, 1151-53 (Ala.Civ.App.2007), improperly extended our supreme court’s holdings in the previous cases with regard to whether a case is one of adverse possession or a boundary-line dispute by using the phrase “significant portion” of property. We note, however, that in McCallister v. Jones, 432 So.2d 489, 492 (Ala.1983), a case cited in Buckner, our supreme court held that a claim for adverse possession of a 3- to 5-acre portion of 22 acres of a landowner’s property was not a boundary-line dispute, but, instead, involved a claim of adverse possession by prescription. We conclude that this court, in Buckner, properly construed the supreme court’s decision in McCallister to indicate that, if a coterminous landowner “is claiming to have acquired all or a significant portion of another coterminous landowner’s land by virtue of adverse possession, ... the case is an adverse-possession case rather than a boundary-line dispute.” 987 So.2d at 1152. The present case is not a simple boundary-line case. This case involves the question whether the Suggses acquired all or a portion of two distinct parcels of land — designated by the parties as “parcel 4” and “parcel 5”— titled in the name of Douglas S. Dickinson and Barbara Dickinson.
The Suggses argue that, because the trial court did not ultimately award them the entire .8 acres of which parcel 5 consisted, but, instead, awarded them only .25 acres of that parcel, the hybrid form of adverse possession applicable to boundary-line disputes should apply. We note, however, that the caselaw looks to whether a significant portion of property is claimed and in dispute, not whether a significant portion of property is ultimately awarded. Throughout the Suggses’ initial brief to this court, they referenced parcel 5 as being disputed property. The fact that the trial court ultimately awarded only a portion of parcel 5 to the Suggses does not change the amount of property claimed. Therefore, we do not find the Suggses’ argument on rehearing persuasive.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.